## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BUSINESS LOAN CENTER, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DRISKILL INDUSTRIES, INC., MARK )<br>DRISKILL, and LINDA GARZA )<br>)<br>Defendant. ) | NO.  CIV-07-1314-HE |

## **ORDER**

Plaintiff Business Loan Center, LLC ("BLX") filed this action against Driskill Industries, Inc., d/b/a Kwik Dry Clean Super Center d/b/a Uptown Cleaners, Mark Driskill, and Linda Garza, seeking to recover a deficiency judgment. The plaintiff claims the defendant corporation defaulted on a promissory note guaranteed by the individual defendants and that a deficiency remains after real property securing the note was sold.[1] The note was signed in conjunction with the defendants' purchase of a dry cleaning business from Kwik Industries, Inc. ("Kwik").

The defendants counterclaimed against BLX but their claims were dismissed under Fed.R.Civ.P. 9(b) and 12(b)(6). The defendants then filed an amended counterclaim, which BLX has once again moved to dismiss.

---

[1] *BLX alleges in its complaint that it purchased the note, the mortgage securing the note and the guarantees from AMRESCO Independence Funding, Inc. after they were executed by the defendants. The defendants acknowledge in their amended counterclaim that BLX purchased the loan from AMRESCO. Though it has no impact on the present motion, which focuses on the defendant's counterclaims, the court notes that defendants' listing of defenses does not include any reference to whether BLX is a holder in due course of the note sued on, an issue often involved in determining controversies of the sort alleged here. See generally 12A Okla. Stat. §§ 3-301 et seq,*

When considering the legal sufficiency of the counterclaim, the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the defendants. <u>Anderson v. Suiters</u>, 499 F.3d 1228, 1232 (10th Cir.2007). A motion to dismiss will be granted if "the [counterclaim] does not contain enough facts to state a claim to relief that is plausible on its face." *Id.* (Internal quotations omitted). Applying this standard, the court concludes the amended counterclaim should be dismissed.

The defendants assert claims against BLX under the Oklahoma Business Opportunities Sales Act, the Oklahoma Consumer Protection and Deceptive Trade Practices Acts, and a Texas fraud statute. They also claim that BLX engaged in a civil conspiracy.

The problem with the defendants' claims against BLX is they are based on the statements and conduct of the lender (AMRESCO) that sold the defendants' loan to BLX. The defendants do not allege that BLX made misrepresentations to them or to the SBA in conjunction with <u>their</u> loan.[2] They have not pleaded how BLX defrauded them prior to its acquisition of the loan from AMRESCO.

If it was engaged in a conspiracy with AMRESCO, BLX might be liable for violations of the Oklahoma and Texas consumer statutes based on AMRESCO's misconduct. However, the defendants do not sufficiently allege that BLX was engaged in a civil conspiracy with AMRESCO. The defendants use stock, conclusory language in their attempt

---

[2]*Even though the defendants have alleged that AMRESCO made the representations to the SBA, e.g., amended counterclaim, ¶¶12(B)-(D), they repeatedly assert in their response brief that BLX made false statements to the SBA "with the intent of inducing it to guarantee the loan to the Defendants ...." Defendants' response, p. 6.*

to plead a conspiracy, *e.g.*, "By acting in concert, BLX sought to form a combination of two or more persons to do an unlawful act ....," Amended counterclaim p. 13, ¶25, instead of alleging specific facts from which the existence of a conspiracy may be inferred. The defendants argue in their response brief that the fact that BLX and AMRESCO both made loans to purchasers of Kwik businesses and submitted similar documents in conjunction with those loans to the SBA demonstrates that the lenders were coconspirators. They also submitted documents which they assert fill in the gaps in their amended counterclaim. However, allegations or arguments in, or documents attached to, a response brief cannot cure a defective pleading.

The amended counterclaim fails to satisfy the liberal pleading standards of the federal rules. As the deficiencies possibly may be corrected, the court will grant the defendants one <u>final</u> opportunity to amend their claims.

Accordingly, the plaintiff's motion to dismiss [Doc. #22] is **GRANTED**. Defendants are granted leave to amend within five days.

**IT IS SO ORDERED**.

Dated this 3rd day of July, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE